ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| NORMA ESTELLE ARCE VÁZQUEZ<br><br>Peticionaria<br><br>v.<br><br>ERNESTO ALFONSO ORTIZ CARRASQUILLO<br><br>Recurrido | **TA2025CE00890** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Humacao<br><br>Civil Núm.: HSRF201500616<br><br>Sobre: Divorcio |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

## RESOLUCIÓN

En San Juan, Puerto Rico a 15 de enero de 2026.

Comparece ante este foro la Sra. Norma E. Arce Vázquez (señora Arce o "la peticionaria"), por derecho propio, y nos solicita que revisemos dos determinaciones emitidas por el Tribunal de Primera Instancia, Sala Superior de Humacao. La primera determinación una *Sentencia* emitida en el caso **HSRF201500616** el 23 de septiembre de 2015, firmada el 5 de octubre de 2015; y la segunda determinación la *Sentencia* emitida en el caso **HSCI201600697** notificada el 11 de abril de 2024.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el presente recurso por falta de jurisdicción por tardío.

## I.

Según surge del expediente, en el caso **HSRF201500616**, el 23 de septiembre de 2015, el foro primario emitió una *Sentencia* en la cual declaró *Ha Lugar* la *Demanda* de divorcio entre la señora Arce y el Sr.

Ernesto Ortiz Carrasquillo (señor Ortiz o "el recurrido").

Posteriormente, el 27 de julio de 2016, la señora Arce presentó una *Demanda* (**HSCI201600697**) sobre división y liquidación de la comunidad de bienes gananciales en contra del recurrido.[1]

No obstante, debido al incumplimiento de la peticionaria con varias órdenes del tribunal, el 11 de abril de 2024, el foro primario notificó una *Sentencia*, en la cual desestimó sin perjuicio el caso, conforme establece en la Regla 39.2(a) de Procedimiento Civil.[2]

El 1 de mayo de 2024, la señora Arce presentó una solicitud de reconsideración. Sin embargo, el 22 de mayo de 2024, el foro primario mediante *Resolución*, la declaró *No Ha Lugar*.[3]

Posteriormente, el 3 de octubre de 2025, la señora Arce, por derecho propio, presentó en el caso **HSRF201500616** una *Moción Urgente de Revocación de Sentencia y Nulidad Parcial del Informe de Liquidación*.[4] En esencia, señaló que la *Sentencia* emitida en el 2015 y el informe de liquidación adolecían de graves omisiones.

El 17 de octubre de 2025, el foro primario emitió una *Orden*, en la cual indicó: "Visto. Nada que disponer."[5]

En desacuerdo, el 22 de octubre de 2025, la peticionaria presentó una *Moción Informativa, Solicitud*

---

[1] *Demanda*, apéndice núm. I, págs. 1-2 en la réplica a *certiorari*.
[2] *Sentencia*, apéndice núm. II, págs. 3-4 en la réplica a *certiorari*.
[3] *Resolución*, apéndice núm. III, págs. 5-7 en la réplica a *certiorari*.
[4] *Moción Urgente de Revocación de Sentencia y Nulidad Parcial del Informe de Liquidación*, apéndice núm. X, págs. 55-58 en la réplica a *certiorari*.
[5] *Orden*, apéndice núm. XI, pág. 59 en la réplica a *certiorari*.

*de Reconsideración y Aclaración de Resolución, en Ejercicio de Derecho Propio y en Defensa del Debido Proceso de Ley, para que se evalúe el Valor Probatorio de los Anejos Radicados (01-11).*[6]

El 5 de noviembre de 2025, el foro primario emitió una *Orden*, en la cual nuevamente indicó que no tenía nada que disponer.[7]

Aun inconforme, el 3 de diciembre de 2025, la peticionaria presentó el recurso de epígrafe, mediante el cual solicitó la revocación de la *Sentencia* dictada en el caso HSRF201500616 y que fuera declarado nulo el *Informe de Liquidación* emitido en el caso HSCI201600697. Sostiene que, dichas determinaciones carecen de: (1) inventario obligatorio del caudal ganancial; (2) evaluación de corporaciones íntimas; (3) evaluación de escrituras hipotecarias y desembolsos hechos durante el matrimonio; (4) consideración de evidencia contributiva y financiera; (5) reconocimiento de la aportación profesional de la peticionaria; y (6) consideración de mociones y evidencia radicada entre 2021 y 2024.

El 12 de diciembre de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término de diez (10) días desde la fecha de presentación del recurso para que se expresara sobre el recurso.

Luego de un término adicional, el 23 de diciembre de 2025, la parte recurrida presentó su *Réplica a Certiorari*.

---

[6] *Moción Informativa, Solicitud de Reconsideración y Aclaración de Resolución, en Ejercicio de Derecho Propio y en Defensa del Debido Proceso de Ley, para que se evalúe el Valor Probatorio de los Anejos Radicados (01-11)*, apéndice núm. XII, págs. 60-65 en la réplica a *certiorari*.
[7] *Orden*, apéndice núm. XIII, pág. 66 en la réplica a *certiorari*.

Con la comparecencia de todas las partes, procedemos a atender el recurso de epígrafe.

## II.

## -A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. *Íd.*, pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción." *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. *Íd.*, pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. *Íd.* Debido a que, no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. *Íd.* Así pues, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad." *Íd.*

Para determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto post-sentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la

expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

-B-

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y

adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; motu proprio impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 145 (2023).

A tono con lo anterior, el Tribunal Supremo de Puerto Rico ha expresado que los tribunales "debemos ser celosos guardianes de nuestra jurisdicción", por ello, tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado. *Yumac Homa v. Empresas Masso,* 194 DPR 96, 103 (2015). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo." *Pérez Lopez y otros v. CFSE,* supra, pág. 883. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso,* supra, pág. 103. Cuando carecemos de jurisdicción, procede la inmediata desestimación del recurso apelativo. *Freire Ruiz v. Morales Román*, 2024 TSPR 129, 214 DPR ____ (2024).

### III.

En el caso de autos, la señora Arce nos solicita en un mismo recurso la revocación de dos determinaciones finales distintas emitidas por el Tribunal de Primera

Instancia. Conforme surge del tracto procesal, la primera *Sentencia* impugnada (**HSRF201500616**) fue dictada el 23 de septiembre de 2015; y la segunda determinación impugnada (**HSCI201600697**) fue notificada el 11 de abril de 2024, y su reconsideración denegada el 22 de mayo de 2024. El 3 de octubre de 2025, la señora Arce, por derecho propio, presentó en el caso **HSRF201500616** una *Moción Urgente de Revocación de Sentencia y Nulidad Parcial del Informe de Liquidación*. Sin embargo, el foro primario el 17 de octubre de 2025, emitió una *Orden* en la que indicó que no tenía nada que disponer.

La peticionaria dejó transcurrir el término para poder apelar las determinaciones recurridas e intentó presentar una solicitud de relevo de sentencia, sin embargo, esta no cumplía con ninguna de los requisitos reglamentarios que justificara acogerla.

Por lo tanto, procedemos a desestimar el presente recurso por falta de jurisdicción ante su presentación tardía.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de *certiorari* por falta de jurisdicción por tardío.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones